DAVID SAMPLES,

      Plaintiff,

v.                              Case No. 8:19-cv-2390-T-60AAS

GEICO INDEMNITY COMPANY,

      Defendant.

_____/

## ORDER DENYING "PLAINTIFF'S MOTION TO REMAND AND FOR ATTORNEY'S FEES AND COSTS, WITH INCORPORATED MEMORANDUM OF LAW"

This matter is before the Court on "Plaintiff's Motion to Remand and for Attorney's Fees and Costs, with Incorporated Memorandum of Law," filed by counsel on October 24, 2019. (Doc. # 4). Defendant Geico Indemnity Company filed a response in opposition on November 6, 2019. (Doc. # 5). After reviewing the motion, response, court file, and record, the Court finds as follows:

When a civil action is originally brought in state court, a defendant may remove such action when the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Federal courts maintain original jurisdiction over civil actions where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a). The removing defendant bears the burden of establishing federal jurisdiction. *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008). Any doubt as to propriety of removal should be resolved in favor of remand to state court. *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir. 1979).

In his motion to remand, Plaintiff argues that Defendant has failed to prove that the amount in controversy exceeds $75,000. However, in Count II of his Complaint, Plaintiff seeks "the full amount of the underinsured motorist benefits under the Policy plus the costs of this action, attorneys' fees and pre-judgment interest . . ." (Doc. # 1-1). Additionally, in Count III, Plaintiff alleges in this bad faith claim that he "is entitled to the limit of underinsured motorist benefits under the Policy." (*Id*.).

Because Plaintiff seeks to recover the fullest extent of coverage, the Court is able to determine the amount in controversy by referring to the face of the policy. *See, e.g.*, *Williams v. LM Gen. Ins. Co.*, 387 F. Supp. 3d 1366, 1369 (M.D. Fla. 2019); *Keenan v. LM Gen. Ins. Co.*, No. 6:17-cv-1426-Orl-40GJK, 2017 WL 6312853, at *2 (M.D. Fla. Nov. 17, 2017), *report and recommendation adopted*, 2017 WL 6312851, at *1 (M.D. Fla. Dec. 7, 2017); *Baltazar v. Balboa Ins. Co.*, No. 8:10-cv-2932-T-33MAP, 2011 WL 2020218, at *2 (M.D. Fla. May 24, 2011). Since the fullest extent of the uninsured motorist benefits available to Plaintiff would be $100,000, it is apparent that the amount in controversy exceeds the jurisdictional requirement.[1] *See Williams*, 387 F. Supp. 3d at 1370; *Keenan*, 2017 WL 6312853, at *2; *Hudspeth v. Gov't Employees Ins. Co.*, No. 6:16-cv-1960-Orl-41KRS, 2016 WL 8221940, at *3 (M.D. Fla.

_____

[1] If Defendant was required to issue the policy with uninsured motorist coverage, the policy limits would be equal to the limits of Plaintiff's bodily injury coverage, which is $100,000. *See* § 627.727(2), *Fla. Stat.* ("The limits of uninsured motorist coverage shall be not less than the limits of bodily injury liability insurance purchased by the named insured, or such lower limit complying with the rating plan of the company as may be selected by the named insured."); (Doc. # 1-1).

Dec. 27, 2016), *report and recommendation adopted*, 2017 WL 495782, at *1 (M.D. Fla. Feb. 7, 2017).  As such, Defendant has established that removal is proper.[2] Consequently, "Plaintiff's Motion to Remand and for Attorney's Fees and Costs, with Incorporated Memorandum of Law" is denied.

In its response in opposition to the motion to remand, Defendant argues that the motion to remand is frivolous and suggests that if the Court were to award any attorney's fees or costs, it should be to Defendant for the time and expense incurred in preparing its response. After consideration, the Court declines to award attorney's fees or costs under Federal Rule of Civil Procedure 11(c)(3).

Accordingly, it is **ORDERED, ADJUDGED,** and **DECREED:**

(1) "Plaintiff's Motion to Remand and for Attorney's Fees and Costs, with Incorporated Memorandum of Law" (Doc. # 4) is hereby **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>8th</u> day of November, 2019.

_____
**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**

---

[2] The Court notes that the Civil Remedies Notice of Insurer Violations (CRN) also indicates that the amount in controversy exceeds $75,000. (Doc. # 1-1); *see Williams*, 387 F. Supp. 3d at 1371.  However, "such evidence is unnecessary when the requisite amount in controversy is facially apparent from the complaint." *Id.*