UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID SAMPLES,

    Plaintiff,

v.                                                     Case No. 8:19-cv-2390-T-60AAS

GEICO INDEMNITY COMPANY,

    Defendant.
_____/

**<u>ORDER GRANTING DEFENDANT "GEICO INDEMNITY
COMPANY'S MOTION TO DISMISS COMPLAINT"</u>**

This matter is before the Court on Defendant "GEICO Indemnity Company's Motion to Dismiss Complaint" (Doc. # 3), filed by counsel on October 3, 2019. Plaintiff did not file a response in opposition to the motion. After reviewing the motion, court file, and the record, the Court finds as follows:

On November 8, 2018, Plaintiff David Samples was involved in a motorcycle accident. On August 21, 2019, he filed a three-count complaint in state court against Defendant GEICO Indemnity Company (GEICO) alleging (1) breach of contract; (2) uninsured motorist (UM) benefits; and (3) violations of § 624.144, *Florida Statutes* (bad faith). On September 26, 2019, GEICO removed this action to federal court based on diversity jurisdiction. In GEICO's motion to dismiss, it contends (1) the complaint constitutes a shotgun pleading, and (2) Count III should be dismissed without prejudice because the bad faith claim is premature. The Court agrees.

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). "Although Rule 8(a) does not require 'detailed factual allegations,' it does require 'more than labels and conclusions'; a 'formulaic recitation of the cause of action will not do.'" *Young v. Lexington Ins. Co.*, No. 18-62468, 2018 WL 7572240, at *1 (S.D. Fla. Dec. 6, 2018), *report and recommendation adopted*, No. 18-62468-CIV, 2019 WL 1112274 (S.D. Fla. Jan. 9, 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim for relief that is plausible on its face." *Twombly,* 550 U.S. at 555.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

## Analysis

### *Shotgun Pleading*

A shotgun pleading is one where "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief" and the defendant therefore cannot be "expected to frame a responsive pleading." *See*

*Anderson v. Dist. Bd. Of Trustees of Cent. Fla. Cmty. College*, 77 F.3d 364, 366 (11th Cir. 1996). The Eleventh Circuit has identified four primary types of shotgun pleadings:

(1) Complaints containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;

(2) Complaints that do not commit the mortal sin of re-alleging all preceding counts but are guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;

(3) Complaints that commit the sin of not separating into a different count each cause of action or claim for relief; and

(4) Complaints that assert multiple claims against multiple defendants without specifying which of the defendants are responsible for which actions or omissions, or which of the defendants the claim is brought against.

*Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322–23 (11th Cir. 2015). A district court must generally permit a plaintiff at least one opportunity to amend a shotgun complaint's deficiencies before dismissing the complaint with prejudice. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018).

Plaintiff's complaint contains counts that reallege all prior claims before it, committing the "mortal sin" described in prong one of *Weiland*. *See Weiland*, 792 F.3d at 1322–23. More specifically, counts two and three incorporate all preceding paragraphs, thereby incorporating all prior claims. Consequently, the complaint is due to be dismissed without prejudice.

*Count III*

GEICO seeks dismissal of Plaintiff's bad faith claim in Count III, arguing that the claim is premature. Under Florida law, a bad faith claim is premature until liability and damages have been determined in favor of the insured. *See, e.g.*, *Holmes v. GEICO Indemnity Company*, 2012 WL 12902911, at *3 (M.D. Fla. Nov. 5, 2012) ("Indeed, an abundance of Florida case law holds that a bad faith claim does not accrue until there has been a final determination of both liability and damages in an underlying coverage claim.") (internal quotations omitted).

A district court has discretion to either dismiss or abate a bad faith claim when simultaneously pled with a coverage action. *See Shvartsman v. GEICO Gen. Ins. Co.*, No. 6:17-cv-437-Orl-28KRS, 2017 WL 2734083, at *1 (M.D. Fla. June 23, 2017). Here, the Court exercises its discretion to dismiss the bad faith claim in Count III without prejudice. *See Bele v. 21st Century Centennial Ins. Co.*, 126 F. Supp. 3d 1293, 1295 (M.D. Fla. 2015). Plaintiff is not precluded from reasserting the claim following determination of the coverage and liability issues, or filing the bad faith claim as a separate proceeding after this case is concluded.

## Conclusion

Consequently, the Court dismisses the complaint and directs Plaintiff to file an amended complaint correcting the aforementioned deficiencies within the timeframe specified below. However, Count III of the complaint is dismissed without prejudice to any right Plaintiff may have to reassert the claim following

determination of the coverage and liability issues, or to file the bad faith claim as a separate proceeding after this case is concluded.

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Defendant "GEICO Indemnity Company's Motion to Dismiss Complaint" (Doc. # 3) is hereby granted.

(2) Plaintiff's complaint (Doc. # 1) is dismissed without prejudice. Plaintiff is directed to file an amended complaint to correct the pleading deficiencies identified in this Order on or before December 23, 2019.

(3) Count III of the complaint (Doc. # 1) is dismissed without prejudice to any right Plaintiff may have to reassert the claim following determination of the coverage and liability issues, or to file the bad faith claim as a separate proceeding after this case is concluded.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>11th</u> day of December, 2019.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**